IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | CIVIL ACTION NO. 03-PWG-0688-E |
| ) PATRICIA G. GEIGER and PATRICIA J. ) GEIGER, ) ) | |
| Defendants. ) | |

MEMORANDUM OF OPINION

Metropolitan Life Insurance Company filed this interpleader action seeking an order of this court which determines the proper party or parties to receive the proceeds of a life insurance policy valued at approximately $248,657.00. The defendants are Patricia G. and Patricia J. Geiger. Patricia J. Geiger ("former wife") is the former wife of Terrance K. Geiger ("Terrance"). Patricia J.'s claim for benefits is based upon the obligations upon Terrance under a divorce decree. Patricia G. Geiger (hereinafter "widow") was married to Terrance at the time of his death. She was designated as the sole beneficiary of the MetLife insurance policy at issue. The parties have consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c) and LR 72.3.

This matter is before the court for consideration of the motion of Patricia J. Geiger for summary judgment. (doc. # 17).

Summary judgment is appropriate only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 56, *Federal Rules of Civil Procedure.* In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be `no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

The following facts are undisputed, or if disputed, viewed in the light most favorable to the widow, the nonmoving party. On March 9, 1973 former wife (Patricia J.) married Terrance Geiger. Former wife and Terrance had two children, Hollie and Cassie. On January 6, 1999, former wife and Terrance were granted a divorce by the Circuit Court of Duval County, Florida. In the divorce

decree, Terrance was ordered to pay child support for the minor children in the amount of $571.00 per month. Terrance was also ordered to pay $2,750.00 per month to the former wife as permanent alimony. In the divorce decree Terrance was required to make former wife the beneficiary of a life insurance policy then in effect. The divorce decree provided in pertinent part:

> 12. The Husband shall maintain the Safeco life insurance policy in the amount of $50,000.00 upon his life naming the Wife as beneficiary thereof for the protection of the child support award and shall maintain same for so long as any child support obligation exists. Additionally, for so long as same is available through the Husband's employment, he shall maintain at least an additional $15,000.00 more in life insurance on his life with the Wife as beneficiary.

The divorce decree provided that the child support obligation for each child "shall terminate when the minor child reaches her eighteenth birthday, marries, joins the armed forces, or otherwise becomes emancipated, dies, or upon further order of Court, whichever occurs first." In addition to the divorce decree, the Court entered a Qualified Domestic Relations Order assigning "50 percent of the total account value of the Participant's account in the Plan" to the former wife. The Court also entered a Medical Child Support Order directing Terrance's employer, InnoServ Technologies, Inc. to provide medical benefits to the minor children of the parties "in accordance with section 609 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

On September 3, 1999, the parties returned to the Court for an order modifying the alimony and child support portions of the divorce decree. Terrance's alimony payment was decreased to $1,700.00 per month and his child support obligation was increased to $816.00 monthly. The modification included the following provision:

> 1. When child support for the oldest child terminates, the amount of $816.00 shall continue to be Former Husband's child support obligation for the youngest child. That is, the

>       termination of child support for the oldest child shall not
>       constitute a basis for a reduction in child support.

The provision of the original decree requiring maintenance of the life insurance policies was not addressed nor modified by this Order.

Terrance married the widow (Patricia G.) on August 5, 2000.  Terrance died on August 19, 2002.  At the time of his death, Cassie Geiger was still under the age of 18.  Cassie's 18th birthday was March 5, 2003.

At the time the divorce decree was entered, Terrance was an employee of InnoServe Technologies, Inc. ("InnoServ").  The Safeco life insurance policy specifically referred to in the divorce decree was available to Terrance through his employer, InnoServe.  GE later purchased InnoServ.  GE cancelled the Safeco life insurance policy and substituted the GE benefits.  Terrance kept his former wife as the beneficiary on these life insurance policies until his marriage in August 2000.  On or about August 5, 2000 Terrance changed the new GE related life insurance policy to name his widow as the beneficiary.

In addition to requiring that Terrance maintain the Safeco life insurance policy, the divorce decree also provides that

>   18.   The Husband shall continue to maintain the existing TIAA
>         life insurance policy of $100,000.00 upon his life naming the
>         Wife as beneficiary thereof and he shall maintain same for so
>         long as the Husband has an alimony obligation.

Terrance's former wife was designated as the beneficiary of the TIAA life insurance policy. Subsequent to Terrance's death, his former wife received life insurance benefits in the amount of $100,000.00.  His former wife received no other life insurance proceeds.

1.   <u>Which law governs the rights of the parties under the divorce decree?</u>

Pursuant to Alabama choice-of-law rules, the law of Florida, the state in which the divorce judgment was entered, controls the rights of the parties. *Equitable Life Assurance Society of the United States v. Flaherty*, 568 F.Supp. 610 (S.D.Ala. 1983); *Greene v. Green*, 239 Ala. 407, 195 So. 549 (1940); *Camp v. Kenney*, 673 So. 2d 436 (Ala.Civ.App.1995), *rehearing denied* (Ala.Civ.App. 1995), *cert. denied,* (Ala. 1996).

2.   <u>Whether the amount the former wife is entitled to under the divorce decree is limited to the amount of child support remaining until the minor child turned 18?</u>

> The Husband shall maintain the Safeco life insurance policy in the amount of $50,000 upon his life naming the Wife as beneficiary thereof for the protection of the child support award and he shall maintain same for so long as any child support obligation exists. Additionally, for so long as same is available through the Husband's employment, he shall maintain at least an additional $15,000.00 more in life insurance on his life with the Wife as beneficiary.

Terrance's widow argues that because the life insurance policy was to protect the child support award, the former wife is entitled only to the amount of child support she expected to receive between the August 19, 2002 death of Terrance and the March 5, 2003 eighteenth birthday of the youngest child. She relies on *Browning v. Browning*, 784 So.2d 1145 (Fla. 2d DCA 2001) in support of her position that the life insurance policy was issued only to protect the child support obligation and did not create an insurance estate for the child. Terrance's widow argues that because the divorce decree did not require that his former wife be named an irrevocable beneficiary "the clear intent of the Florida Court was to provide security for payment of Terrance's child support obligation that might remain owing at this death and not to create an assignment or vested equitable interest in his former wife that would award her the total amount of the policy regardless of the

5

amount owing at Terrance's death or coming due thereafter." (Doc. #20, p.9),  In *Browning*, the court did indeed  state:

> [T]he final judgment discussed the trial court's concern that the Mother is seeking a "completely unexpected windfall" because the trial court construed the life insurance requirement as impermissibly creating an insurance estate for the child.  Although these seemingly ubiquitous provisions are capable of such interpretation, the court have generally construed them as providing collateral to secure a child support (or alimony) obligation.  See, e.g., *Bosem v. Bosem*, 279 So.2d 863 (Fla. 1973); *Eberly v. Eberly*, 344 So.2d 886 (Fla. 4th DCA 1977).  This interpretation is favored in light of the statutory authority  for such insurance provisions.  See  § 61.13, Fla. Stat. (1991).

The *Browning* court, however, went on to hold:

> Although the trial court correctly noted that a court may not order the creation of an insurance estate, we conclude that this argument would have been properly raised during the dissolution action.  There is no indication that Mr. Browning ever objected to or appealed the final judgment of dissolution, which contained the insurance provision.  Thus, the life insurance requirement was a binding obligation on him, from which he could have sought relief but which he was not entitled to disregard.  Because this was a binding obligation on Mr. Browning, the Mother here was not seeking a completely unexpected windfall, only the enforcement of an otherwise valid provision in a final judgment.  Furthermore, we note that this court has rejected,  without discussion, a claim that the child in a similar case should only receive an amount from the insurance proceeds that would be equivalent to the amount of child support the father would have paid had he not died.  See *Roxy v. Roxy*, 454 So.2d 84, 84-85 (Fla. 2d DCA 1984) .

Terrance did not challenge the requirement that he maintain an insurance policy during the dissolution proceeding.  The requirement of the decree was a binding obligation on him, and former

wife is entitled to enforcement of a valid provision of that final judgment.[1/] Further, this court, as guided by the *Browning* decision, concludes the widow errs in arguing that the insurance proceeds awarded to former wife are limited to the amount of child support Terrance would have paid between August 19, 2002 (the date of Terrance's death) and March 5, 2003 (the date of the eighteenth birthday of the youngest child).

3.   <u>Whether Terrance was relieved of the obligation to maintain insurance?</u>

Terrance's widow further argues that Terrance was not required to maintain insurance with his former wife as beneficiary when the SAFECO policy was no longer available through his employment. The decree provided:

> The Husband shall maintain the Safeco life insurance policy in the amount of $50,000 upon his life naming the Wife as beneficiary thereof for the protection of the child support award and he shall maintain same for so long as any child support obligation exists. Additionally, for so long as same is available through the Husband's employment, he shall maintain at least an additional $15,000.00 more in life insurance on his life with the Wife as beneficiary.

Terrance's widow argues that either of the following circumstances acted to relieve Terrance of his obligation:

A.   The additional $15,000 required coverage was not available through his employer (doc. # 20, exhibit E);

B.   The SAFECO policy was no longer available to Mr. Geiger when InnoServe Technologies, Inc., by which he was employed at the time the Judgment of Divorce was entered, was acquired by General Electric. With that event, the group life

---

[1/] A binding obligation is binding regardless of whether the divorce decree specified that the former wife was to be an irrevocable beneficiary.

7

    insurance coverage with SAFECO was terminated and replaced with coverage by Metropolitan Life, which is the coverage that is the subject of this lawsuit. (doc. # 20, pp. 9-10).

 The fact that coverage in the amount of $15,000 may or may not have been available through his employer did not relieve Terrance of his obligation to maintain life insurance on his life in the amount of at least $65,000 with his former wife as beneficiary as long as any child support obligation existed. The child support obligation unquestionably existed at the time of his death. Whether a $15,000 life insurance policy would have been available through his employer upon the termination of any child support obligation is not an issue to be resolved ion this court.

 The fact that the SAFECO policy was not available through the employer after the acquisition of InnoServe by General Electric is irrelevant. Terrance did not lose the benefit of group life insurance coverage as a result of the acquisition by GE. The insurance underwriter changed from SAFECO, which had provided the policy in effect at the time of the divorce decree, to Metropolitan Life, which provided the policy in effect at the time of Terrance's death. The obvious intent of the divorce decree was to require Terrance to maintain the life insurance available through his employer with his former wife as beneficiary. To accept his widow's argument to the contrary would ignore the intent of the divorce decree. See, *Dixon v. Dixon*, 184 So.2d 478, 481 (Fla. 2d DCA 1966), *cert. discharged*, 194 So.2d 897 (Fla. 1967).

 Based on the foregoing, Patricia J. Geiger's motion for summary judgment (doc. #17) is due to be GRANTED. Patricia J. Geiger, the former wife, is entitled to $65,000 from the Metropolitan Life Insurance proceeds, plus has accumulated during the pendency of this action. Patricia G.

Geiger, the widow, is entitled to the balance of the Metropolitan Life Insurance proceeds, plus any proportionate interest that has accumulated during the pendency of this action.

On April 18, 2003, Patricia G. Geiger filed an Answer and Cross-Claim alleging that "[t]he claims of Patricia J. Geiger against the Metropolitan Life policies in the amount of $65,000.00 are not made in good faith, are made knowing that they are without legal or factual basis, and are made with malice toward Patricia G. Geiger and solely to harass and annoy her. (Doc. # 7) Thereafter, Patricia J. Geiger filed a Motion to Dismiss Cross-Claim. (Doc. # 10) Because the court has concluded that Patricia J. Geiger is entitled to recover a portion of the Metropolitan Life proceeds, the Motion to Dismiss Cross-Claim (doc. #10) is MOOT. Metropolitan Life Insurance Company's Motion for Leave to Interplead Funds (doc. #32) and Patricia G. Geiger's Motion to Release Funds (doc. #27) are MOOT. Metropolitan Life will be ORDERED by Final Judgment to distribute the funds as specified above after the appeal time has expired.

A separate final judgment consistent with this memorandum of opinion will be entered simultaneously herewith.

As to the foregoing it is SO ORDERED this the 16th day of December, 2004.

_____
PAUL W. GREENE
CHIEF MAGISTRATE JUDGE